**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

<table>
<tr><td>

DERICK DOUGLAS,

       **Plaintiff,**

v.

COUNTY OF ATLANTIC, *et al.*,

       **Defendants.**

</td><td>

Case No. 25–cv–04094–ESK–SAK

OPINION

</td></tr>
</table>

**KIEL, U.S.D.J.**

    **THIS MATTER** comes before the Court on defendants' Janette McKnight R.N., Olugbemisola Ademiju, Tamara Belle, and Iris Diaz's (collectively, individual defendants)[1] motion to dismiss plaintiff's second amended complaint (Provider Motion) (ECF No. 51) and the County of Atlantic's (Atlantic County) motion to dismiss plaintiff's second amended complaint (County Motion) (ECF No. 52.)  For the following reasons, I will deny the motions.

**I.  BACKGROUND**

    Plaintiff filed her initial complaint on May 9, 2025 asserting claims under 42 U.S.C. § 1983.  (ECF No. 1 (Compl).)  On May 15, 2025 plaintiff filed an amended complaint.  (ECF No. 5 (Am. Compl.).)  Shortly thereafter, plaintiff

---

[1] Because the individual defendants are misidentified in the second amended complaint, I will refer to the individual defendants with the names set forth in their Motion.  (ECF No. 51.)

filed a second amended complaint on July 25, 2025 against Atlantic County, McKnight, housing assignment staff John and Jane Doe, custody department staff John and Jane Does, Ademiju, Belle, Diaz, additional registered nurses and medical staff personnel John and Jane Does, supervisory John and Jane Does, and John and Jane Doe #1–99 (Defendants).  (ECF No. 26 (Sec. Am. Compl.).)

Plaintiff alleges defendants were deliberately indifferent in assigning housing to her based on her transgender status and failed to take reasonable and necessary measures to protect plaintiff from foreseeable harm.  (Sec. Am. Compl. ¶¶ 2, 3, 4.)  Plaintiff specifically alleges the following facts related to her confinement at the Atlantic County Justice Facility (Atlantic County Jail) between February 17, 2024 and March 1, 2024.  (*Id.* ¶ 2.)

On February 17, 2024, plaintiff underwent a mental health intake screening assessment wherein she reported that she identified as transgender and had a history of victimization.  (*Id.* ¶¶ 21, 22, 23, 24, 25.)  Plaintiff claims that mental health staff failed to identify her as a "Member of Vulnerable Population" and failed to complete a "History of Victimization" form at the time of her intake.  (*Id.*)  As a result, she was admitted to all-male general population despite her circumstances and prior history. (*Id.*)  Between February 17, 2024 and February 21, 2024, plaintiff noticed her cellmates acting aggressively towards her and reported concerns to mental health staff.  (*Id.* ¶ 26.)  On February 22, 2024, plaintiff sought a housing transfer to protective custody from the same mental health staff, but no such transfer was approved. (*Id.*)  Plaintiff claims that defendants informed her that she could not request protective custody until after an upcoming court date.  (*Id.* ¶ 38.)

Throughout this timeframe, plaintiff informed various staff that she was an at-risk individual in custody because of prior incidents of sexual victimization while in the Atlantic County's custody, along with her

2

transgender status. (*Id.* ¶¶ 27, 31, 42.) On or about February 23, 2024, plaintiff alleges that defendants assigned her to a general population three-person cell, where she was raped by a cellmate while her cell door was open and was subsequently taken to the hospital. (*Id.* ¶¶ 43, 44, 45, 46, 47, 48, 51.) Plaintiff reported the incident to defendants and defendants subsequently interviewed the cellmate about the assault. (*Id.* ¶¶ 49, 50.) Upon plaintiff's return to Atlantic County Jail, plaintiff alleges that defendants assigned her to a different general population three-person cell, where she was raped again by her cellmates. (*Id.* ¶¶ 54, 55, 56, 57, 58, 59.)

During plaintiff's first night in her new cell, plaintiff alleges that she was sexually assaulted again by her cellmates. (*Id.* ¶¶ 60, 61, 62, 63, 64.) The following morning, plaintiff reported the incident to a corrections officer and was subsequently taken to the infirmary and then to the hospital. (*Id.* ¶¶ 66, 67.) When plaintiff returned, she was housed alone in the intake unit, where she claims defendants denied her multiple requests to speak with a psychiatrist about her assault. (*Id.* ¶¶ 68, 69.)

Plaintiff asserts the following counts: (1) violations of the Civil Rights Act of 1871, 42 U.S.C. § 1983 against Atlantic County (Sec. Am. Compl. ¶¶ 76–113); (2) violations of the Civil Rights Act of 1871, 42 U.S.C. § 1983 against the individually named defendants (*Id.* ¶¶ 114–21); (3) negligence (*Id.* ¶¶ 125–46); (4) *respondeat superior* (*Id.* ¶¶ 147–52); (5) negligent hiring, training, retention, and supervision of employees (*Id.* ¶¶ 153–58); (6) negligent infliction of emotional distress (NIED) (*Id.* ¶¶ 159–65); (7) intentional infliction of emotional distress (IIED) (*Id.* ¶¶ 166–76); (8) violation of the New Jersey Civil Rights Act (NJCRA) under N.J.S.A. 10:6–1, *et seq.* (*Id.* ¶¶ 177–217); and (9) violation of the New Jersey Law against discrimination (NJLAD) (*Id.* ¶¶ 218–57).

The individual defendants move to dismiss the second amended complaint against them for failure to state a claim. (ECF No. 51.) Atlantic County also

moves to dismiss the second amended complaint against it for failure to state a claim.   (ECF No. 52.)   Plaintiff filed opposition to the Provider Motion.   (ECF No. 62.)   Plaintiff filed opposition to the County Motion.   (ECF No. 54.) Atlantic County filed a reply.   (ECF No. 56.)

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6), when deciding a motion to dismiss, a court accepts all well-pled facts as true, construes the complaint in the plaintiff's favor, and determines "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks omitted).   "Under [Rule] 8(a)(2), a complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive a Rule 12(b)(6) challenge, the plaintiff's claims must be facially plausible, meaning that the well-pled facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.   The allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Twombly*, 550 U.S. at 555.   "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."   *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).[2]

---

[2] Atlantic County submitted an exhibit in support of the County Motion.   (ECF No. 52–4.)   I decline to consider the exhibit as part of the County's Motion.

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," which "give[s] the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (second alteration in original). In reviewing the sufficiency of a complaint, a court must "take note of the elements the plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (cleaned up). "[A] complaint's allegations of historical fact continue to enjoy a highly favorable standard of review at the motion-to-dismiss stage of proceedings." *Id.* at 790.

## III.  DISCUSSION

The second amended complaint consists of § 1983 claims against Atlantic County pursuant to *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), and various state law claims against defendants under the New Jersey Tort Claims Act, N.J.S.A. 59:1–1, *et seq.* (*See generally* Sec. Am. Compl.) Plaintiff also asserts § 1983 claims and state law claims against the individual defendants including the Atlantic County Jail housing assignment staff, custody department staff, registered nurses and medical personnel, and supervisors of the individually named defendants. (*Id.*)

### A.   Atlantic County *Monell* Liability

Atlantic County argues that plaintiff has failed to plausibly assert a claim of deliberate indifference against it pursuant to *Monell* because she fails to allege the existence of unconstitutional policies, customs, or practices. (ECF No. 52–1 pp. 5, 6; Sec. Am. Compl. ¶¶ 76–113.) A municipality may be liable under § 1983 only "if the plaintiff identifies a municipal 'policy' or 'custom' that was the 'moving force' behind the injury." *Jewell v. Ridley Township*, 497 F.

App'x 182, 185 (3d Cir. 2012) (quoting *Monell*, 436 U.S. at 694).  "In other words, the plaintiff must show that the municipality, through one of its policymakers, affirmatively proclaimed the policy, or acquiesced in the widespread custom, that caused the violation."  *Noble v. City of Camden*, 112 F. Supp. 3d 208, 221 (D.N.J. 2015).  "A plaintiff may show the existence of a policy when a decision-maker with final authority issues an official proclamation, policy, or edict.  Custom may be established by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law."  *Id.* (internal quotations and citations omitted).

"There are three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under § 1983."  *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003).  "The first is where 'the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy.'"  *Id.* (quoting *Bd. of County Comm'rs of Bryan Cnty., Oklahoma v. Brown*, 520 U.S. 397, 417 (1997)).  "The second occurs where 'no rule has been announced as policy but federal law has been violated by an act of the policymaker itself.'"  *Id.* (quoting *Bd. of County Comm'rs,* 520 U.S. at 417).  "Finally, a policy or custom may also exist where the policymaker has failed to act affirmatively at all, though the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need."  *Id.* (cleaned up).

Plaintiff alleges that Atlantic County's "failure or refusal [[] to adequately supervise [inmates] and to take action to curb the misconduct,

6

demonstrates a policy of deliberate indifference" and that there is a widespread practice of "not actively supervising [] housing units and not conducting supervisory tours every thirty minutes." (Sec. Am. Compl. ¶¶ 88, 106.) Plaintiff further alleges that Atlantic County's "policy or custom" of failing to adequately train housing unit could have avoided the incidents.  (*Id.* ¶¶ 107, 108, 109.)   Plaintiff continues that because of these "policies, practices, and procedures," she suffered and continues to suffer severe physical and mental pain and suffering.  (*Id.* ¶ 112.)

As it relates to *Monell* liability, plaintiff relies on *Watson v. Abington Twp.*, 478 F.3d 144 (3d Cir. 2007) to argue that custom may be established through a given course of conduct, while not specifically endorsed or authorized by law, is so well-settled and permanent so as to effectively constitute law. (ECF No. 54–5 pp. 13, 14.)   Plaintiff also points to *Rolle v. Essex Cnty. Corr. Facility*, Civ. No. 21–cv–15198, 2022 WL 1044968, at *4–5 (D.N.J. Apr. 7, 2022) to support her argument that she has plausibly pleaded facts to constitute custom.  (*Id.* p. 14.)   There, the court allowed the § 1983 claims against Essex County to proceed based on the plaintiff's claims that the correctional facility staff failed to follow required safety procedures in violation of the Prison Rape Elimination Act (PREA) and ignored repeated complaints, which ultimately led to the plaintiff's assault.   *Rolle*, 2022 WL 1044968, at *5.

Here, the second amended complaint contains sufficient facts for a reasonable inference that a policy or custom created by Atlantic County played a role in the alleged violations.   I find that plaintiff adequately alleges specific facts referencing the conduct, place, and persons responsible for the alleged violations.   *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003); *(see also* Sec. Am. Compl. ¶¶ 21–38, 42–69.)   Accepting the alleged facts as true and giving plaintiff the benefit of all reasonable inferences, I conclude plaintiff has

stated a *Monell* claim. As such, I find that plaintiff requires additional discovery to ascertain the identities of the officers and mental health staff involved. Therefore, I will deny the County Motion on these grounds.

The NJCRA is New Jersey's analogue to a federal civil rights claim under § 1983, and a claim under the NJCRA is generally construed identically to an equivalent federal claim and is subject to the same defenses. *See, e.g.*, *Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443–44 (D.N.J. 2011). Accordingly, I will deny Atlantic County's request to dismiss the NJCRA claims.

## B. Deliberate Indifference to Serious Medical Needs

The individual defendants assert that plaintiff fails to state a claim for deliberate indifference to her serious medical needs. (ECF No. 51 p. 10.) They maintain that plaintiff does not allege any occasions where defendants denied her health care or treatment, contending that plaintiff's allegations are mere generalities. (*Id.* p.11.)

To survive a motion to dismiss for claims of inadequate medical care, plaintiff must allege sufficient factual matter demonstrating that, (1) she had a serious medical need, and (2) acts or omissions by prison officials indicating they were deliberately indifferent to that need—*i.e.*, the prison officials subjectively knew of the deprivation and "disregard[ed] an excessive risk to [the] inmate['s] health or safety." *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). The prison officials being sued "must have had personal involvement in the alleged violation." *Simmons v. Pierce*, 803 F. App'x 669, 670 (3d Cir. 2020).

8

"Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

"'Deliberate indifference' is a subjective standard whereby 'the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety.'" *Harvey v. Gloucester Cty. Jail*, No. 18–cv–01797, 2018 WL 4735738, at *3 (D.N.J. Oct. 2, 2018) (quoting *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001)).   It is not enough that an officer "should have known of the risk," the officer must have had actual knowledge. *Beers-Capitol*, 256 F.3d at 133.   A plaintiff may, however, demonstrate that "a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842.

Here, I find that plaintiff has sufficiently alleged the existence of a serious medical need such that prison officials and mental health staff acted with deliberate indifference to that need.   *Natale*, 318 F.3d at 582; *Estelle*, 429 U.S. at 104–05.   Specifically, plaintiff's allegations of the mental health staff failing to identify her as a "Member of Vulnerable Population" and failed to complete a "History of Victimization" form at the time of her mental health intake screening assessment and denying her multiple requests to speak with a psychiatrist plausibly demonstrates that the individuals defendants may have been deliberately indifferent to her serious medical needs.   (Sec. Am. Compl. ¶¶ 21, 22, 23, 24, 25, 68, 69.)   Accordingly, I will not dismiss these claims.

### C.   **Group Pleading**

Plaintiff also asserts state law claims of negligence (*Id.* ¶¶ 125–46); *respondeat superior* (*id.* ¶¶ 147–52); negligent hiring, training, retention, and supervision (*id.* ¶¶ 153–58); NIED (*id.* ¶¶ 159–65); IIED (*id.* ¶¶ 166–76); NJCRA (*id.* ¶¶ 177–217); and NJLAD (*id.* ¶¶ 218–57) against both Atlantic County and

the individually named defendants. Atlantic County and the individual defendants move to dismiss the state law claims on the grounds that plaintiff did not make specific allegations against them and grouped them together. (ECF No. 51 pp. 12, 13; ECF No. 52–1 p. 12.)

Rule 8 requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "In assessing whether a pleading satisfies Rule 8, there is no bright-line rule to be applied." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019). "Naturally, a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.*

"As a general rule, group pleading is not permitted. It occurs when a complaint 'fails to specify which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.'" *Love v. Borough of Milltown*, No. 25–cv–13816, 2026 WL 1146159, at *5 (D.N.J. Apr. 28, 2026) (quoting *Richardson v. EzriCare, LLC*, No. 23–cv–03498, 2024 WL 4349687, at *4 (D.N.J. Sept. 30, 2024)). "Yet 'not every pleading that groups two defendants together constitutes an impermissible group pleading.'" *Parrish v. The Hudson School, et al.*, No. 25–cv–17986, 2026 WL 1328364, at *6 (D.N.J. May 13, 2026) (quoting *Kong v. Johnson & Johnson*, No. 23–cv–003091, 2024 WL 1640996, at *5 (D.N.J. Apr. 15, 2024)). "Under Rule 8(a)(2), a group pleading is not 'impermissibly vague' where, when read in the context of other specific allegations, it is sufficient to put a defendant on notice that the grouped allegation is brought, at least in part, against the specific defendant." *Kong*, 2024 WL 1640996, at *5 (citing Fed. R. Civ. P. 8(a)(2)).

I conclude that the second amended complaint, read as a whole, sufficiently puts defendants on notice of plaintiff's allegations against them. For example, plaintiff specifically alleges that defendants Ademiju, Belle, and Diaz were involved in the decision to assign plaintiff to a "three-person, all-male

cell within the all-male general population unit." (Sec. Am. Compl. ¶¶ 56, 57.) She further alleges that defendant McKnight initially approved her for general population. (*Id.* ¶ 28.) "Simply because the [second amended complaint] contains overlapping allegations against each [d]efendant for engaging in similar conduct does not render it a group pleading." *Love*, 2026 WL 1146159, at *6; *see also Mosley v. EzriCare LLC*, No. 23–cv–00020, 2024 WL 1342615, at *13 (E.D. Ky. Mar. 29, 2024) ("At this point, before discovery and before more is known about each defendant's role … the Amended Complaint is sufficient."). I will deny defendants' request to dismiss the state law claims.

    **D.**    **Proper Service**

Lastly, the individual defendants argue that the second amended complaint should be dismissed for lack of proper service because they were served at CFG's corporate office where they were not present, and the summons was left with the receptionist. (ECF No. 51 p. 12.)

An individual "may be served in a judicial district of the United States by delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). Plaintiff submitted affidavits of service for each of the individual defendants. (ECF Nos. 34, 35, 36, 37.) The affidavits attest that the administrative assistant confirmed that she was authorized to accept service on their behalf. (*Id.*) Therefore, based on the affidavits, I conclude that the individual defendants were properly served.

11

## IV.  CONCLUSION

For the reasons stated above, I will deny the Provider Motion and the County Motion.   An appropriate Order accompanies this Opinion.


<u>    *s/ Edward S. Kiel*        </u>
**EDWARD S. KIEL**
UNITED STATES DISTRICT JUDGE

Dated: May 28, 2026

12